## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: Judith L. Peterson,<br>　　　　　Debtor(s). | Bankruptcy No. 08 B 71744<br>Chapter 13<br>Judge Manuel Barbosa |

### MEMORANDUM OPINION

This matter comes before the Court on the objection to claim number 1 filed by the debtor Judith L. Petersen ("Debtor"), pursuant to 11 U.S.C. § 502(b)(1) and Fed. R. Bankr. P. 3007(a), on October 22, 2008. For the reasons set forth herein, the Court overrules Debtor's objection to claim number 1.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

### FACTS AND BACKGROUND

The procedural and factual history for this matter is long and arduous. Three cases summarize this history: In re Optical Techs., Inc., 425 F.3d 1294 (11th Cir. 2005); Finova Capital Corp. v. Petersen, No. 04-LA-206 (Ill. Law Div., 22nd Cir. Ct. McHenry County, filed Dec. 9, 2008); Finova Capital Corp. v. Petersen, No. 02-LA-79 (Ill. Law Div., 19th Cir. Ct. McHenry County, filed Feb. 7, 2003). As it stands, a little background is in order.

From 1991 to 1995, Recomm Operations, Inc., Recomm International Display Corp., Inc., Optical Technologies, Inc., Automated Travel Center, Inc., Recomm Enterprises, Inc., Recomm International Display, Ltd. and Recomm International Corporation ("Recomm") marketed and distributed two types of equipment, namely "Vox Apothecary" and "Interactive Kiosk System" to

approximately 12,000 pharmacies, veterinarians and optometrists. Vox Apothecary was an electronic display board that displayed point-of-sale advertising messages to pharmacy customers, while Interactive Kiosk System provided travel information to pharmacy customers. The pharmacies did not purchase the equipment from Recomm, but, instead, acquired the equipment, pursuant to finance leases with Finova Capital Corporation ("Finova") and other lease finance companies. In particular, Bryk Pharmacy, Inc. ("Bryk Pharmacy") acquired Recomm's equipment through Finova's financing. Debtor operated Bryk Pharmacy and, on November 2, 1994 and June 8, 1995, Bryk Pharmacy entered into written lease agreements with Recomm, as the equipment vendor, and Finova, as the lessor. Debtor personally guaranteed both leases.

In January 1996, Recomm filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. In 1997, Bryk Pharmacy ceased operating in summer 1996 and dissolved on July 1, 1997. According to Debtor's affidavit, Debtor, who owned Bryk Pharmacy located at 107 N. First Street, Cary, IL, stopped receiving Bryk Pharmacy's forwarded mail six months after she closed Bryk Pharmacy in the summer of 2006.

On January 21, 1998, Finova filed Recomm's fourth amended joint plan of reorganization in the Florida bankruptcy court and mailed a copy to Bryk Pharmacy at 107 N. First Street, Cary, Illinois shortly thereafter. In an order dated May 13, 1998, the Florida bankruptcy court confirmed Recomm's fourth amended joint plan of reorganization. See In re Optical Techs., Inc., 221 B.R. 909 (Bankr. M.D. Fla. 1998). Under the confirmed reorganization plan, lessees of Recomm's equipment, who were listed as creditors, became obligated to pay Finova liquidated sums of $9,678.96 and $21,806.74 that were due on June 30, 1998, under the leases governed by New Jersey state law. Thus, Finova became entitled to receive payments due from Bryk Pharmacy. In the confirmation order, the court affirmed the validity and enforceability of the

leases and stripped Bryk Pharmacy of any defenses or counterclaims.

In the service list, Recomm identified Bryk Pharmacy as a creditor, but it did not list Debtor as a creditor. Bryk Pharmacy was no longer in business and Recomm listed the incorrect mailing address for Bryk Pharmacy on the service list. Thus, Debtor never received the Fed. R. Bankr. P. 2002(b) notice of Recomm's plan and confirmation order. On May 22, 2000, Finova sent Debtor a notice of default to inform Debtor that Bryk Pharmacy was in default to Finova under the lease as it related to Recomm's confirmed reorganization plan of May 13, 1998. Neither Bryk Pharmacy, nor Debtor paid Finova the amounts due.

In March 2002, Finova filed a complaint and subsequent summary judgment motion in the Illinois state circuit court. In its complaint, Finova alleged that Debtor breached her contract with Finova when she did not make payments to Finova on the Finova leases for Recomm equipment as it related to the May 13, 1998 Recomm confirmation order. In an order dated February 7, 2003, in docket number 02-LA-79, the Illinois state circuit court granted Finova's motion for summary judgment against Debtor for $93,224.60. The state court determined that Debtor is liable under the two personal guaranties of November 2, 1994 and June 8, 1995. Debtor never paid Finova and interest has accrued on the judgment at the Illinois statutory annual rate of 9%. 738 Ill. Comp. Stat. 5/2-1303.

In May 2008, Finova filed a motion for summary judgment in Illinois state circuit court, in docket number 04-L-206, against Debtor and her spouse Michael Petersen in violation of the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/6(a), because Debtor allegedly fraudulently transferred property from Debtor to her husband.

On June 4, 2008, Debtor filed a voluntary Chapter 13 bankruptcy petition. The § 341(a) meeting of creditors was held on July 22, 2008. The proof of claims was due by October 20, 2008. On June 9, 2008, Debtor filed a Chapter 13 plan. On June 20, 2008, creditor Finova filed

a motion for relief from stay with respect to the Illinois state action, docket number 04-L-206, relating to Debtor's alleged fraudulent transfer to her husband. After the parties submitted responses and replies, the Court granted Finova's motion for relief from stay on October 8, 2008.

On October 3, 2008, within the proof of claims' deadline, Finova filed claim number 1 in the amount of $275,462.87 against Debtor. Regarding claim 1, Finova is a successor in interest to two personal guarantees executed by Debtor in relation to two personal property leases of Recomm equipment entered into by Bryk Pharmacy, a business formerly operated by Debtor. On October 22, 2008, Debtor filed an objection to Finova's claim number 1, pursuant to 11 U.S.C. § 502(b)(1).

On November 11, 2008, Finova filed a response to Debtor's objection to claim and sought $275,462.87 in the unsecured claim number 1. Finova argues that this Court lacks jurisdiction, pursuant to the Rooker-Feldman doctrine, to challenge the enforceability of the February 7, 2003 or December 9, 2008 state court orders against Debtor. Thus, Finova asserts that the outstanding judgment balance from February 7, 2003, plus interest, is $137,885.71. Correspondingly, Finova asserts that Debtor is liable to Finova for $137,577.16 in attorney's fees related to the 02-LA-79 state court judgment collection, including: (1) citations to discover Debtor's assets; (2) the February 2003 breach of contract action against Debtor in Illinois state court docket number 02-LA-79; and (3) the 2008 fraudulent transfer action against Debtor in Illinois state court docket number 04-L-206.

On December 5, 2008, Debtor filed a reply to Finova's response to Debtor's objection to claim.

In a written order dated December 9, 2008, the Illinois state court granted summary judgment for Finova and against Debtor and her spouse Michael Petersen in violation of the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/6(a). In an oral decision of

the same date, the court held that a transferor's actual intent is irrelevant to the fraud elements. Thus, the court stated that Debtor's arguments were "meritless" regarding the assertion that Finova must prove that Debtor had knowledge of her debt from the Recomm bankruptcy prior to the fraudulent transfer. Instead, the court held that Debtor "was indebted to [Finova] in an amount of at least $51,874 at the time [Debtor] transferred her interest in real property" in December 2001 and January 2002 as it related to the Recomm bankruptcy confirmation order.

In a scheduling order dated February 18, 2009, the Court permitted Debtor to submit a supplemental brief by March 4, 2009 and Finova to submit a reply by March 18, 2009.

On March 6, 2009, Debtor filed a supplemental brief titled as Debtor's objection to Finova's first amended proof of claim. Debtor asserts that a judgment that is void for lack of personal jurisdiction may be collaterally attacked in any court at any time where its validity is an issue. Debtor argues that she never litigated the issue of voidability in state court. Debtor states that the state court action was a dependent action to enforce a judgment. Debtor argues that she was entitled to notice whether she was a guarantor to a lease because her rights and duties were adjudicated by the court. Debtor argues that Finova's claim for attorney's fees is excessive.

On March 18, 2009, Finova filed a reply to Debtor's objection to claim number 1. Finova asserts that its claims are predicated on the Debtor's personal guaranties. Furthermore, Finova argues that the state court has determined in a final order that Debtor is liable under the guaranties. Finova states that the modification of the leases did not eliminate Debtor's contractual obligations to Finova pursuant to the guaranties. Finova further asserts that it is entitled to reasonable attorney's fees pursuant to the guaranties.

On March 30, 2009, Debtor filed a sur-reply titled as Debtor's response to Finova's reply to Debtor's objection to Finova's amended claim. Debtor asserts that the confirmation order

which obligated Debtor to pay a fixed sum of money to Finova was a judgment, but it was void as to Debtor because she was never given notice of the proceedings as required by section 2002(a). Next, Debtor argues that Rooker-Feldman does not divest a federal court of jurisdiction to review the order of a state court where the state court was engaged in a ministerial function as it is when enforcing a foreign judgment. Debtor states that Finova's amended proof of claim did not demonstrate that the issue of the confirmation order's voidness was addressed in the state court proceeding. Debtor then argues that Finova's state court proceeding was a dependent suit to enforce the terms of the confirmation order. In addition, Debtor asserts that Finova's attorney's fees ($137,577) were excessive.

On March 31, 2009, pursuant to the Court's scheduling order and Local Rule 5005-3(D), Finova filed a motion to strike Debtor's sur-reply or, in the alternative, request leave to file a sur-sur-reply. In its motion to strike, Finova attached its sur-sur-reply in opposition to Debtor's objection to proof of claim. Finova reasserted that the state court previously resolved that the personal guaranties were valid and enforceable; Debtor breached the guaranties; and the amount Finova was damaged by the breach. Moreover, Finova again argues that Rooker-Feldman precludes further review of those issues by this Court. In addition, Finova states that the leases were only modified by the confirmation order and impacted only the amounts owed under the leases.

In a hearing dated April 1, 2009, the Court granted leave for Finova to file its sur-sur-reply.

## DISCUSSION

When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim - i.e., a document providing proof of a "right to payment," 11 U.S.C. § 101(5)(A) - against the debtor's estate. Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449,

127 S. Ct. 1199, 1204, 167 L. Ed. 2d 178 (2007). Once a proof of claim has been filed, the court must determine whether the claim is "allowed" under § 502(a) of the Bankruptcy Code: "A claim or interest, proof of which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects." Ibid. (quoting 11 U.S.C. § 502(a)). Federal Rules of Bankruptcy Procedure 3007(a) provides for parties of interest to object to proofs of claim. Fed. R. Bankr. P. 3007(a); see also Adair v. Sherman, No. 98 C 3946, 1999 WL 117754, at *3 (N.D. Ill. Mar. 1, 1999), aff'd, 230 F.3d 890 (7th Cir. 2000).

Even where a party in interest objects, the court "shall allow" the claim "except to the extent that" the claim implicates any of the nine exceptions enumerated in § 502(b). Ibid. (quoting 11 U.S.C. § 502(a)). Specifically, one exception applies where the claim at issue is "unenforceable against the debtor . . . under any agreement or applicable law." Ibid. (quoting 11 U.S.C. § 502(b)(1)).

The § 502(b)(1) provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy. Id. at 450 (citing 4 Collier ¶ 502.03[2][b], at 502-22). Moreover, "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Ibid. (quoting Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000)). Thus, this principle requires bankruptcy courts to consult state law in determining the validity of most claims. Ibid. (quoting Raleigh, supra, 530 U.S. at 20).

A confirmation order could be voided only "'where there is a plain usurpation of power, when a court wrongly extends its jurisdiction beyond the scope of its authority.'" In re Optical Techs., Inc., supra, 425 F.3d at 1299 (quoting Finova Capital Corp. v. Larson Pharmacy, Inc., No. 8:03-civ-255-T-24 TBM, slip op. at 13 (M.D. Fla. Oct. 6, 2003)). Finova has previously

satisfied notice requirements for bankruptcy purposes, pursuant to 11 U.S.C. § 523, where Finova scheduled certain pharmacies as creditors of the Recomm bankruptcy and served them with copies of Recomm's Third Amended Plan, summaries of Recomm's Fourth Amended Plan, and copies of Recomm's disclosure statement. Id. at 1301. Save for the question of voidability of the judgment, pharmacy creditors, who were properly noticed, were not able to raise objections to the actual terms of Recomm's Fourth Amended Plan or the confirmation order, as these were deemed waived when the pharmacy creditors failed to object to confirmation. Ibid.

However, "'[p]ursuant to Rule 60(b)(4) [of the Federal Rules of Civil Procedure], a court may relieve a party from a final judgment or order based on a finding that a judgment is void.'" Id. at 1306 (quoting Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). As a general matter, however, parties to a proceeding that do not raise jurisdictional objections are entirely barred from attacking jurisdiction collaterally. See Chicot County Drainage Dist. V. Baxter State Bank, 308 U.S. 371, 377, 60 S. Ct. 317, 320, 84 L. Ed. 329 (1940). The only exception to this arises from a constitutionally defective failure of process. See id. at 376, 60 S. Ct. at 319.

Personal jurisdiction may be established either by proper service of process, see Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987), or by the party's waiver of any defect in service, see Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S. Ct. 153, 155, 84 L. Ed. 167 (1939). Service over a nonresident defendant is legally valid, so long as a federal or state statute establishing amenability to service is complied with and the exercise of jurisdiction further accords with due process protections afforded by the Fifth and Fourteenth Amendments. See Omni Capital Int'l, 484 U.S. at 104, 108 S. Ct. at 409.

Defendants must file timely objections to service of process. In re Schwinn Bicycle Co., 190 B.R. 599, 606 (Bankr. N.D. Ill. 1995) (citing Fed. R. Civ. P. 12(g), (h) (applicable through

Fed. R. Bankr. P. 7012(b))).

Was service of process valid? Fed. R. Bankr. P. 7004 governs service of process in cases and related adversary proceedings that arise under the Bankruptcy Code. In re Cappuccilli, 193 B.R. 483, 486 (Bankr. N.D. Ill. 1996) (citing Fed. R. Bankr. P. 7004). Fed. R. Bankr. P. 7004 incorporates certain sections of Fed. R. Civ. P. 4, which governs service of process in federal cases, but includes additional methods of, and restrictions on, service of process. Ibid.

Two such methods of service of process are by first class mail and by personal service. Ibid. Fed. R. Bankr. P. 7004(b)(1), (8) allows service of process to be made upon a defendant or defendant's agent by first class mail:

> by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession[;]
>
> . . . .
>
> if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession . . . .

[Fed. R. Bankr. P. 7004(b)(1), (8).]

Fed. R. Civ. P. 4(e), incorporated by reference in Fed. R. Bankr. P. 7004, provides that process may be served upon an individual by "delivering a copy of the summons and of the complaint to the individual personally." The rules limit the time in which such service may be made. Fed. R. Bankr. P. 7004(e) provides that if service is made pursuant to Fed. R. Civ. P. 4(e), it "shall be by delivery of the summons and complaint within 10 days after the summons is issued." Fed. R. Bankr. P. 7004(e) further provides, in relevant part, "If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served."

"A creditor is not required to give a notice of default to a guarantor where the guarantor has notice from an independent source." Mid City Industrial Supply Company v. Horwitz, 132 Ill. App. 3d 476, 483 (1st Dist. 1985) (citing Herberling Medicine & Extract Co. v. Smith, 201 Ill. App. 126 (3rd Dist. 1916)). Also "when directors, stockholders or officers of a corporation that are in a position to know the financial condition of their company act as guarantors of a corporate debt, they are chargeable with notice of the corporation's default and additional notice from the creditor is unnecessary." Id. (citing Mamerow v. National Lead Co., 206 Ill. 626 (1903)).

In this case, Debtor signed two personal guaranties on November 2, 1994 and May 17, 1995 for Recomm products. In addition, the terms of the personal guaranties state that Debtor is to be governed by the laws of the state of applicable jurisdiction, which is listed as any federal district court having jurisdiction in Broward County. Because Debtor personally guaranteed the liens, the issue is not whether service was proper or whether the court had personal jurisdiction, although both could be answered in the affirmative, but instead whether the personal guaranties were valid and therefore unaltered by either the Bankruptcy or Illinois state case judgments. In re Optical Techs., Inc., 425 F.3d 1294 (11th Cir. 2005); Finova Capital Corp. v. Petersen, No. 04-LA-206 (Ill. Law Div., 22nd Cir. Ct. McHenry County, filed Dec. 9, 2008); Finova Capital Corp. v. Petersen, No. 02-LA-79 (Ill. Law Div., 19th Cir. Ct. McHenry County, filed Feb. 7, 2003).

The personal guaranties signed by Debtor are valid. As Finova argues, the Bankruptcy Court for the Middle District of Florida merely modified the lease agreement between Debtor and Finova in Recomm's Fourth Amended Plan. The terms of the personal guaranties allow other arrangements to be made with the lessee Bryk Pharmacy, Inc. which the guarantor would then be responsible for. This leaves Debtor responsible for any default payments to Fivona.

The personal guaranties signed by Debtor are valid and enforceable against Debtor,

therefore rendering service of process upon Bryk Pharmacy, Inc. as if it were service of process upon Debtor herself in accordance with Fed. R. Bankr. P. 7004(b)(1), (8). "She cannot now complain about . . . failure to notify her of the lawsuit when the failure was a result of (her) own actions." Credit Alliance Corporation v. Campbell, 845 F.2d 725 (7th Cir. 1988). Debtor's arguments against Claim 1 are therefore unpersuasive and invalid in light of Debtor's personal guaranties.

If the federal injury is "inextricably intertwined" with the state court judgment, Rooker-Feldman bars the federal action. Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993). "[T]he crucial point is whether 'the district court is in essence being called upon to review the state-court decision.'" Crestview Vill. Apts. v. U.S. HUD, 383 F.3d 552, 556 (7th Cir. 2004). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted form the state court judgment itself or is distinct from that judgment." Ibid.

Here, Finova's claims, which are predicated on Debtor's guaranties, are, at a minimum, "inextricably intertwined" with the Illinois state court judgment entered against Debtor by the Circuit Court of McHenry County, Illinois, in case no. 02 LA 79 for the breach of contract action. Debtor never appealed the state court judgment, and, pursuant to the Rooker-Feldman doctrine, she can not now seek to invalidate it before this Court. Even if the leases were modified pursuant to the confirmation order without Debtor's knowledge or consent, it does not eliminate Debtor's obligations under the personal guaranties. In fact, this argument was previously litigated and rejected by the state court in the breach of contract action. The state court established that Debtor is obligated under the guaranties to pay what Bryk Pharmacy failed to pay and the amount owed under the guaranties through the state court judgment date. Therefore, Debtor's objection to claim 1 is overruled.

The Court reserves ruling on the attorney's fees included in claim number 1.

## CONCLUSION

For the foregoing reasons, the Court overrules Debtor's objection to claim number 1.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: 4/10/09

The Honorable Manuel Barbosa
United States Bankruptcy Judge