## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: Judith L. Petersen,<br>Debtor. | Bankruptcy No. 08 B 71744<br>Chapter 13<br>Judge Manuel Barbosa |

### MEMORANDUM OPINION

This matter comes before the Court on the objection to claim number 1 filed by the debtor Judith L. Petersen ("Debtor"), pursuant to 11 U.S.C. § 502(b)(1) and Fed. R. Bankr. P. 3007(a), on October 22, 2008. For the reasons set forth herein, the Court SUSTAINS Debtor's objection to claim number 1 with respect to attorney's fees.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### FACTS AND BACKGROUND

The facts and procedural history relating to this objection to claim were outlined in the court's memorandum opinion and order dated April 10, 2009. In re Petersen, No. 08 B 71744, 2009 WL 994945, at *1–4 (Bankr. N.D. Ill. Apr. 10, 2009). In that decision, the Court overruled Debtor's objection with respect to the judgment portion of claim number 1 and reserved ruling with respect to the attorney's fees' portion. Id. at *7.

As a brief review, on October 3, 2008, Finova filed claim number 1 in the amount of $275,462.87 against Debtor. This claim consisted of $93,224.60 from a judgment entered by the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois on January 8, 2004, nunc pro tunc to February 7, 2003, $44,661.11 in interest from said judgment, and $137,577.16 in

attorney's fees between January 1, 2003 and June 3, 2008. The basis for claiming attorney's fees
was the personal guaranties Debtor entered into which provided that Debtor would reimburse all
expenses incurred in enforcing the holder's "rights" against the Debtor, "including attorney's
fees." (Lease Agreement 7171444; Lease Agreement 7159816.) Finova also successfully
prosecuted a case in Illinois state court against debtor and her spouse Michael Peterson for
violation of the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/6(a). In re
Peterson, 2009 WL 994945, at *3. This case stemmed from the original Illinois state court order
and summary judgment that was entered on December 9, 2008. Id.

## DISCUSSION

When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim
– i.e., a document providing proof of a "right to payment," 11 U.S.C. § 101(5)(A) – against the
debtor's estate. Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449
(2007). Once a proof of claim has been filed, the court must determine whether the claim is
"allowed" under § 502(a) of the Bankruptcy Code: "A claim or interest, proof of which is filed
under section 501 . . . is deemed allowed, unless a party in interest . . . objects." Id. (quoting 11
U.S.C. § 502(a)). Federal Rules of Bankruptcy Procedure 3007(a) provides for parties of interest
to object to proofs of claim. Fed. R. Bankr. P. 3007(a); see also Adair v. Sherman, No. 98 C
3946, 1999 WL 117754, at *3 (N.D. Ill. Mar. 1, 1999), aff'd, 230 F.3d 890 (7th Cir. 2000).

Even where a party in interest objects, the court "shall allow" the claim "except to the
extent that" the claim implicates any of the nine exceptions enumerated in § 502(b). Id. (quoting
11 U.S.C. § 502(a)). Specifically, one exception applies where the claim at issue is
"unenforceable against the debtor . . . under any agreement or applicable law." Id. (quoting 11
U.S.C. § 502(b)(1)).

The § 502(b)(1) provision is most naturally understood to provide that, with limited

exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy. Id. at 450 (citing 4 Collier ¶ 502.03[2] [b], at 502-22). Moreover, "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Id. (quoting Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). Thus, this principle requires bankruptcy courts to consult state law in determining the validity of most claims. Id. (quoting Raleigh, 530 U.S. at 20).

Although res judicata can be waived, see Fed. R. Civ. P. 8(c), "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised." Arizona v. California, 530 U.S. 392, 412 (2000) (quoting United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)); see also Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996). Courts equate "res judicata" with "claim preclusion," which refers to "the preclusive effect of a judgment in foreclosing litigation of matters that were or could have been raised in an earlier suit." Garcia v. Vill. of Mount Prospect, 360 F.3d 630, 634 n.6 (7th Cir. 2004) (citation and quotations omitted). Res judicata is distinguishable from "collateral estoppel" or "issue preclusion," which refers to the preclusive "effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has actually been litigated and decided in the initial action." Id. (citation and quotations omitted).

Finova is barred by res judicata from asserting a claim for attorney's fees and costs related to the state court order entered on January 8, 2004, nunc pro tunc to February 7, 2003. Under Illinois law, three conditions must be met in order for res judicata to be applied: "(1) a final judgment on the merits has been entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical

in both lawsuits." DeLuna v. Treister, 708 N.E.2d 340, 344 (Ill. 1999).

In Illinois, trial courts generally retain jurisdiction over a final judgment for thirty days. Brewer v. Nat'l R.R. Passenger Corp., 165 Ill. 2d 100, 105 (1995). This is also the time period during which a notice of appeal must be filed in order for an appellate court to have jurisdiction. Secura Ins. Co. v. Ill. Farmers Ins. Co., 902 N.E.2d 662, 664–65 (Ill. 2009). However, trial courts in Illinois always "retain jurisdiction to enforce the terms of a judgment." Holwell v. Zenith Elecs. Corp., 779 N.E.2d 435, 440 (Ill. App. Ct. 2002) (citing Comet Cas. Co. v. Schneider, 424 N.E.2d 911, 916 (Ill. App. Ct. 1981)). Because the state court order entered on January 8, 2004 was never appealed, it constitutes a final judgment on the merits for the purposes of the first condition of res judicata. Furthermore, it is not disputed that the state court was a court of competent jurisdiction. The first condition of res judicata is, therefore, satisfied.

The third condition of res judicata is also satisfied. The order entered by the state court on January 8, 2004 involved the same parties in interest in the present case.

The Illinois test to determine "identity of causes of action" for the second condition of res judicata is the "transactional test." River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998). Under this test, "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." Id. at 891 (quotations and citations omitted). Finova's claim for attorney's fees arises from the same group of operative facts that gave rise to the state court claim. Both claims derive from Debtor's personal guaranties. In fact, Finova's state court complaint requested past and future attorney's fees. (Compl. in the Circuit Court of McHenry County, Law Division, Nineteenth Judicial District, 02 LA 79, Mar. 14, 2002 ¶¶ 26(D), 35(D)); see Table 1, infra. Based on the breakdown in Table 1, it would appear that Finova did receive attorney's fees plus $41,349.03 more than they had requested in their complaint. If the state court had believed that

more attorney's fees should have been awarded, it could have reserved jurisdiction over those

fees. See Nat'l Bank & Trust Co. of S. Bend v. Becker, 200 N.E.2d 40, 41 (Ill. App. Ct. 1964).

In any case, Finova is now barred by res judicata from collecting attorney fees before January 8,

2004 which relate to the state court order entered that day for breach of contract.

**Table 1: Breakdown of relief requested and received from judgment entered Jan. 8, 2004**

|  | Count I | Count II |
|---|---|---|
| Value of the lease payments | $12,074.84 | $27,406.53 |
| Taxes paid | $19.03 | $27.00 |
| Late charges | $1,127.67 | $2,574.57 |
| Attorneys' fees, subject to increase for future attorneys' fees | $2,644.31 | $6,001.62 |
| *TOTAL from complaint* | *$15,865.85* | *$36,009.72* |
| *TOTAL from judgment* | *$28,434.90* | *$64,789.70* |
| **DIFFERENCE** | **$12,569.05** | **$28,779.98** |

Similarly, Finova is barred by res judicata for fees and costs incurred before December 3,

2008 which relate to an Illinois state court order entered that day. Neither the complaint nor the

court order have been submitted to this court. However, the res judicata analysis does not

depend on those documents. On December 9, 2008, an "Illinois state court granted summary

judgment for Finova and against Debtor and her spouse Michael Petersen [for] violation of the

Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/6(a)." In re Peterson, 2009

WL 994945, at *3. This judgment was not appealed during the thirty day window and constitutes

a final judgment on the merits by a court of competent jurisdiction for purposes of the first

condition of res judicata. The third condition of res judicata is satisfied because this Illinois state

court case involved the same parties in interest. Although the Court has not been supplied a copy

of the complaint filed in the Illinois state court, the "transaction test" for the second condition of

res judicata is satisfied whether or not Finova requested attorney's fees. Attorney's fees are part

and parcel of the lawsuit to which they are related and thus if the state court had believed that

attorney's fees should have been awarded, it could have reserved jurisdiction over those fees.

See Becker, 200 N.E.2d at 41. While Finova's ability to get attorney's fees may have been established by personal guaranties, Finova only obtained the right to those fees after successfully prosecuting their case in Illinois state court. Finova cannot now come to this forum and request fees related to a case in another forum. If Finova were entitled to any fees based on that judgment, it should have brought the issue to the attention of that court which could have ruled on such fees on December 9, 2008 or reserved jurisdiction to later consider the question of fees.

Finally, the Court cannot entertain fees related to Finova's case against Bishop, Finova Capital Corp. v. Bishop, No. 08-50060 (N.D. Ill. filed Apr. 9, 2008), because such a determination would be premature. The Illinois state court, by its order effective February 7, 2003, did establish that Debtor was "obligated under the guaranties to pay what Bryk Pharmacy failed to pay and the amount owed under the guaranties[.]" In re Peterson, 2009 WL 994945, at *7. In addition, those personal guaranties provide that Debtor would reimburse all expenses incurred in enforcing its "rights" against the Debtor, "including attorney's fees." New Jersey law, however, does not permit the awarding of attorney's fees related to the case against Bishop because damages have not been awarded.

The parties do not dispute that New Jersey law governs the personal guaranties, including the fee shifting provision. "New Jersey has a strong policy disfavoring shifting of attorneys' fees. Courts have adhered to the so-called 'American Rule,' which generally requires each party to pay its own attorneys' fees. Certain exceptions are recognized . . . [where] a party . . . agree[s] by contract to pay attorneys' fees." City of Englewood v. Exxon Mobile Corp., 966 A.2d 1082, 1089–90 (N.J. Super. Ct. App. Div. 2009) (citations and quotations omitted); see also Muslin v. Frelinghuysen Livestock Managers, Inc., 777 F.2d 1230, 1235 (7th Cir. 1985).

Under New Jersey law, attorney fees incurred in the third-party action against Bishop which related to Debtor's alleged tortuous conduct that required Finova to bring or defend a suit

against third-party Bishop to protect Finova's interest cannot be recovered unless damages are awarded. DiMisa v. Acquaviva, 947 A.2d 168, 172 (N.J. Super. Ct. App. Div. 2008). Thus, unless judgment is awarded to Finova in its case against Bishop, it cannot collect attorney fees from Debtor in connection with the third-party case. Furthermore, Finova's complaint against Bishop requests attorney's fees. Should Finova collect fees against Bishop, it cannot collect those same fees against Debtor.

The Court also concludes that this is not the proper forum to bring claims for attorney's fees to which Finova may be entitled from enforcing the Illinois state court's order entered on January 8, 2004. Finova does not request attorney's fees for any matters after the voluntary bankruptcy petition was filed. Because the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois retains jurisdiction for purposes of enforcing their judgment, see Holwell, 779 N.E.2d at 440, Finova has other avenues to recovery that it may pursue.

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS Debtor's objection to claim number 1 with respect to attorney's fees.

THEREFORE, IT IS ORDERED that claim number 1 be reduced by one hundred thirty-seven thousand, five hundred seven dollars and sixteen cents ($137,577.16).

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: June 26, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge